IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARTH CODY NICHOLS<br>P.O. Box 213<br>Mechanicsburg, Ohio 43044 | : <br> : <br> : <br> : | Case No. 2:20-cv-348 |
| Plaintiff, | : <br> : | Judge_____ |
| v. | : <br> : | |
| THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA<br>751 Broad Street<br>Newark, New Jersey 07102, | : <br> : <br> : <br> : <br> : | Magistrate Judge_____ |
| and, | : <br> : | |
| THE SCOTTS COMPANY<br>Attention: Human Resources Department<br>14111 Scottslawn<br>Marysville, Ohio 43041 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : <br> : | |

## COMPLAINT

For his Complaint against the Defendants, the Prudential Insurance Company of America (hereinafter "Prudential") and The Scotts Company (hereinafter "Scotts Company"), the Plaintiff, Garth Cody Nichols, by and through counsel, states as follows:

### Parties

1. The Plaintiff, Garth Cody Nichols ("Nichols"), was, at all relevant times, an employee of the Scotts Company and a participant in an employee welfare benefit plan ("Plan") established and maintained by the Scotts Company under the provisions of the Employee

   Retirement Income Security Act ("ERISA") for the purpose, *inter alia*, of providing disability benefits to its employees.

2. The Defendant, Prudential is the insurer of the Plan's disability benefits that are at issue in this case.

3. The Scotts Company is designated as the Plan Administrator of the Plan

4. Prudential administered the Plan and made the decision of whether to admit or deny Nichols' claim for disability benefits.

### Jurisdiction and Venue

5. The Plaintiff's claim arises under ERISA.  Jurisdiction is predicated on 29 U.S.C. § 1132.

6. 29 U.S.C. § 1132(e)(2) provides that venue is proper in any district where the defendant resides or may be found.

7. Prudential provided a policy of disability insurance to the Scotts Company and its employees, including Nichols.

8. The Scotts Company is located in Union County, Ohio, and Nichols worked at the Union County, Ohio location.

9. Through information and belief, Defendant Prudential has continuous and systematic contact within Union County, Ohio.

10. Through information and belief, Defendant Prudential has substantial contact within Union County, Ohio.

11. Defendant Prudential's minimum contacts within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, renders venue in this Court proper.

### Facts Common to All Claims

12. At all times relevant to this action, Nichols was employed by the Scotts Company as a Poly Packaging Technician.
13. As an employee of the Scotts Company, Nichols is and was at relevant times eligible for long-term disability benefits under the Plan.
14. Nichols is afflicted with a number of medical problems and is disabled from performing the duties of any gainful occupation for which he is reasonably fitted by education, training, and experience.
15. At all times relevant to this action, Nichols has been under the regular care of a doctor.
16. Nichols stopped working on or about November 9, 2015, due to his disability.
17. Nichols timely applied for long-term disability benefits with Prudential.
18. Nichols was approved for long-term disability benefits with Prudential.
19. Nichols was informed by Prudential that his claim for long-term disability benefits was approved effective May 7, 2016 and that it had determined that he was unable to perform the material and substantial duties of his regular occupation.
20. On or around July 2016, Nichols underwent a vocational assessment required by Prudential in which it was found that alternate gainful occupations could not be identified for Nichols at the sedentary level of capacity due to his unskilled work history.
21. On March 1, 2018, Prudential informed Nichols that he met the new definition of "disability" and would continue to receive disability benefits past the policy definition of "disability" change on May 6, 2018, which definition change provided that "*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury: you are unable to perform the duties of any gainful occupation for*

*which you are reasonably fitted by education, training or experience; and you are under the regular care of a doctor.*"

22. On or about March 9, 2018, Prudential informed Nichols that he was required to participate in Vocational Rehabilitation Planning, part of which would require Nichols to take classes at Columbus State Community College.

23. Nichols participated in Prudential's Vocational Rehabilitation Planning program and took a couple pre-requisite classes at Columbus State Community College.

24. On or about July 17, 2019, Prudential informed Nichols that he now had an increased education and skill set and that he could now perform alternate gainful occupations.

25. On July 17, 2019, Prudential informed Nichols that his long-term disability benefits were terminated effective March 31, 2020.

26. Nichols did not receive any payments for disability benefits past a July 17, 2019 effective date.

27. On or about August 2, 2019, Nichols, through undersigned counsel sent Prudential a written request for a copy of Nichols' administrative claim file.

28. On or about August 20, 2019, Prudential informed Nichols that it was making a "correction" and that no benefits were payable to Nichols beyond July 17, 2019.

29. Nichols timely appealed Prudential's decision to deny his disability benefits on or about December 10, 2019.

30. As part of Nichols' December 10, 2019, Nichols sent additional medical documentation supporting his disability, including a Functional Capacity Evaluation performed by a physician who found that he could work no more than four (4) hours per day.

31. On or about January 13, 2020, Prudential informed Nichols that they were upholding their decision to deny Nichols' claim for long-term disability benefits.
32. Nichols has exhausted his administrative remedies.

## Count I - For Benefits

33. The foregoing allegations are incorporated by reference as if fully rewritten herein.
34. Nichols brings this claim under 29 U.S.C. § 1132 and seeks a determination of his right to disability benefits and an award of those benefits.
35. Nichols is disabled under the terms of the Plan, and he is entitled to long-term disability benefits.
36. Prudential's decision denying Nichols' claim was arbitrary and capricious, erroneous, and/or in breach of contract because, *inter alia*, Prudential completely ignored every contention raised by Nichols in his December 10, 2019 appeal, did not follow Prudential's own procedures for handling the determination of benefits and the appeal of Nichols' disability claim denial, did not consider all of the documentation provided by Nichols for his claim denial appeal, used the opinion of a file-review only physician over the opinion of physicians who actually physically examined Nichols, assessed Nichols' eligibility for benefits based off of an unsound reasoning process that was not supported by substantial evidence, and made wholly unsupported conclusions in denying Nichols' appeal that completely ignored the medical evidence and opinions of Nichols' treating physicians.
37. The evidence contained in Nichols' administrative claim file clearly shows that Nichols is entitled to an award of long-term disability benefits.

WHEREFORE, the Plaintiff, Garth Cody Nichols, demands judgment in his favor and against the Defendants, The Scotts Company and the Prudential Insurance Company of America, as follows:

A. A determination that Nichols is disabled and entitled to benefits;

B. An award of benefits, in a single lump sum, representing the amount of benefits that Prudential should have paid between the last date disability benefits were paid through the date of judgment;

C. Alternatively, an award of benefits, in a single lump sum, representing the amount of benefits that should have been paid to Nichols between the last date disability benefits were paid through the last date Nichols is eligible for disability benefits;

D. An order directing the Defendants to pay a monthly benefit to Nichols commencing on the date of judgment and continuing until Nichols no longer satisfies the definition of disability under the plan;

E. Pre-judgment and post-judgment interest;

F. Attorney's fees and the costs of this action; and

G. Such other and further relief as the Court determines to be equitable and just.

Respectfully Submitted,

/s/ Evan T. Engler
Evan T. Engler (0092450)
Trial Attorney
Harris & Engler, Attorneys at Law
30 Northwoods Blvd., Suite 350
Columbus, Ohio 43235
(614) 610-9988 - phone
(614) 430-8890 - fax
evan@harrisengler.com